IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **CHRISTIAN M. FIGLIANO,** | CASE NO. 3:21 CV 2209 |
| Plaintiff, | JUDGE JAMES R. KNEPP II |
| v. | |
| **HOLLAND POLICE DEP'T., et al.,** | MEMORANDUM OPINION AND ORDER |
| Defendants. | |

### INTRODUCTION

*Pro se* Plaintiff Christian M. Figliano, a resident of Canada, filed this action against the Holland Police Department, Officer John Growden, and two "Unknown" John/Jane Doe Defendants. (Doc. 1).

The factual allegations in the Complaint, in their entirety, state: "I was arrested wrongfully and beat up and tasered and sexually assaulted and unlawfully detained at Lucas County Jail overnight and released on November 22, 202[ ]."[1] (Doc. 1, at 4). As his requested relief, Plaintiff states, "I want the Ohio Police Officers involved arrested for attempted murder and for committing hate crime against me on the basis that I am gay, and officers used slurs while physically attacking me and sodomizing me. Monetary damages at minimum 100,000 plus cost of all legal fees and special damages." *Id.* at 5. Plaintiff indicates he is asserting claims for unlawful imprisonment, rape, and sexual assault. *See id.* at 3.

Plaintiff also filed an Application to Proceed *In Forma Pauperis*. (Doc. 2). That Application is granted, but the Court dismisses Plaintiff's Complaint without prejudice for failure to satisfy notice pleading standards.

---

1. On the same page of the Complaint, Plaintiff indicates the incident occurred on November 21-22, 2019.

## STANDARD OF REVIEW

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id*. "[P]leadings must contain either direct or inferential allegations with respect to all the material elements to sustain a recovery under some viable legal theory." *Bluegrass Ctr., LLC v. U.S. Intec, Inc.,* 49 F. App'x 25, 30 (6th Cir. 2002); *see also Cummings v. Ohio Dep't of Rehab. & Corr.*, 2020 WL 4432923, at *1 (N.D. Ohio) ("a complaint must contain either direct or inferential factual allegations against individual defendants respecting the material elements of some viable legal theory" and "a plaintiff must attribute specific conduct to

specific defendants"). A court "must construe the complaint in a light most favorable to the plaintiff". *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

## DISCUSSION

Plaintiff's Complaint, as written, fails to meet the federal notice pleading requirements set forth above. Although the standard of review is liberal for *pro se* litigants, it requires more than bare assertions of legal conclusions. *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726-27 (6th Cir. 1996). To meet the minimum pleading requirements of Federal Civil Procedure Rule 8, the Complaint must give Defendants fair notice of what Plaintiff's legal claims are and the factual grounds upon which they rest. *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008). Plaintiff provides one sentence indicating he was arrested and physically and sexually assaulted. He does not explain the circumstances surrounding his arrest, or specify what actions, if any, each named Defendant took that contributed to these assertions. Plaintiff has not provided enough information to state a claim upon which relief may be granted against these Defendants.

## CONCLUSION

For the foregoing reasons, good cause appearing, it is

ORDERED that Plaintiff's Application to Proceed *In Forma Pauperis* is granted; and it is

FURTHER ORDERED that this action is dismissed without prejudice pursuant to 28 U.S.C. § 1915(e); and the Court

FURTHER CERTIFIES, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

                                                      s/ *James R. Knepp II*  
                                                      UNITED STATES DISTRICT JUDGE